UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

REBERTO ALMONTA TEJADA,

               Plaintiff,

-against-

US ASSOCATE SECUITY FIRM; SOCAIL
SECUITY ADMINATRION; CARROLL
STREET PROPERTY,

               Defendants.

25-CV-1272 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action alleging that Defendants violated his rights. By order dated February 27, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the amended complaint,[1] but grants Plaintiff 30 days' leave to replead his claims in a second amended complaint.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

---

[1] Plaintiff filed the original complaint in this action on February 12, 2025. On May 12, 2025, without a directive from the Court, Plaintiff filed an amended complaint. (ECF 17.) The amended complaint is the operative pleading. *See In re Crysen/Montenay Energy Co.*, 226 F.3d 160, 162 (2d Cir. 2000) ("[A]n amended pleading ordinary supersedes the original and renders it of no legal effect.").

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff brings his claims using the court's Employment Discrimination Complaint form. Named as Defendants are US Associate Security Firm, the Social Security Administration, and Carroll Street Property. He alleges that he was employed at "Tower Home Owner/Gernal Delivery" in Manhattan.[2] (ECF 17, at 3.) Plaintiff checks off boxes on the complaint form to assert claims that he was discriminated against on the basis of his race and sex in violation of Title VII of the Civil Rights Act of 1964 and the New York State Human Rights Law. Plaintiff describes his race as Latin American and lists his sex as "show tape binne room mesuem." (*Id.* at 3.)

---

[2] Plaintiff writes using irregular capitalization. For readability the Court uses standard capitalization when quoting from the complaint. All other spelling, grammar, and punctuation are as in the original unless otherwise noted.

Plaintiff alleges, "[C]laimant wintess a federal vouition base supplement security, then went to monetary payment social security payment plant end payment were reopen claimant claim social security payment redirected by region office 238 west 489 st NY 10036." (*Id.* at 5.)

Plaintiff states that he did not file a charge of discrimination with the U.S. Equal Employment Opportunity Commission or other government agency, but nonetheless alleges that he received a Notice of Right to Sue from the EEOC on September 24, 2008. (*See id.* at 6.)

Plaintiff seeks an order directing Defendants to re-employ him and to "have them redirect back payment entitled to money damage stopping guand frum working stopping wages." (*Id.* at 6.)

After filing the original complaint, but before filing the amended complaint, Plaintiff filed multiple requests for counsel, as well as two notices of unspecified motions and a supporting declaration, which he labeled "amended Respondent hasn't posted full payment to account." (ECF 16, at 1.)

## DISCUSSION

**A.    Federal employment discrimination claims**

Plaintiff attempts to assert claims under Title VII of the Civil Rights Act of 1964. Title VII provides that

> [i]t shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin.

42 U.S.C. § 2000e-2(a).

At the pleading stage in an employment discrimination action, "a plaintiff must plausibly allege that (1) the employer took adverse employment action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v.*

3

*Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). The plaintiff "may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* at 87.

As an initial matter, it is unclear from Plaintiff's allegations which of the defendants, if any, employed him. Even if the Court assumes that Plaintiff was employed by one of the defendants, he alleges no facts suggesting that he was subjected to an adverse employment action or that any such adverse employment action was motivated by his race, sex, or any other protected characteristic. The Court therefore dismisses Plaintiff's federal employment discrimination claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.     Claims under state law**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

C.  **Request for counsel**

Plaintiff submitted an application for the court to request *pro bono* counsel. (ECF 11.) The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because the Court is dismissing this action, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date should Plaintiff file a second amended complaint.

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because the Court is unable to say that amendment is futile at this time, the Court grants Plaintiff 30 days' leave to file a second amended complaint that cures the deficiencies identified above.

If Plaintiff does not file a second amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

The Court dismisses the amended complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court denies Plaintiff's application for the court to request *pro bono* counsel without prejudice to renewal at a later date should Plaintiff file a second amended complaint. (ECF 11.) The Clerk of Court is directed to terminate all pending motions.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   June 16, 2025
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge